**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MATTHEW LAMONTS COLES, JR.,**

        **Petitioner,**

**v.**                                     **Civil Action No. 2:10cv70**
                                               **(Judge Maxwell)**

**WARDEN KUMA J. DEBOO,**

        **Respondent.**

## REPORT AND RECOMMENDATION

On June 2, 2010, the *pro se* petition, Matthew Coles, a federal inmate, filed this Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the manner in which the Bureau of Prisons ("BOP") has calculated his sentence. On June 14, 2010, the petitioner paid the required $5.00 filing fee. On June 15, 2010, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On June 30, 2010, the respondent filed a Motion to Dismiss or, in the Alternative Motion for Summary Judgment. On July 1, 2010, a Roseboro Notice was issued, and on July 13, 2010, the petitioner filed a response.

## I. FACTS

On February 3, 2009, the petitioner was arrested in Danville, Virginia by local authorities. The petitioner remained in state custody and was transferred to the Virginia Department of Corrections on March 17, 2009. (Doc. 12-2). On May 17, 2009, the petitioner completed his Virginia state term and was released to a United States Marshals Service detainer.(Doc. Id. ) On May 18, 2009, the petitioner's federal arrest warrant was executed. (Doc. 12-4).

1

On November 30, 2009, the petitioner was borrowed by Danville, Virginia officials pursuant to a Writ of Habeas Corpus Ad Prosequedem, for prosecution in their case number 07-988-01. (Doc. 12-4). On December 1, 2009, the petitioner was sentenced in the Circuit Court for the City of Danville, Virginia to a term of imprisonment suspended except for one year and 320 days. The state sentence was ordered to run consecutive to his federal sentence. (Doc.12-6).

On December 1, 2009, Virginia state authorities returned the petitioner to the United States Marshals Service. (Doc. 12-4, p. 2). On January 7, 2010, the petitioner was sentenced in the United States District Court for the Western District of Virginia to a term of 110 months for Distribution of More Than Five Grams of Cocaine Base, in violation of Title 21 U.S.C. § 841(a)(1). (Doc. 12-7, p. 2). The Judgment indicated that his federal sentence was to be served consecutive to the time remaining on the Commonwealth of Virginia sentence imposed in Danville Circuit Court, case no. CR07000988-01. In addition, the Judgment also indicated that the Court would allow the petitioner to complete his state sentence before serving his federal sentence. (Id.).

The BOP commenced the petitioner's sentence on January 7, 2010, the day it was imposed. (Doc. 12-8, p.1). The petitioner received prior custody credit from May 18, 2009, the day after his release from the Virginia Department of Corrections, through January 6, 2010, the day before his federal sentence was imposed and began to run, for a total of 234 days of credit. (Doc. 12-8, p.2). The petitioner's current projected release date, via good conduct time, is May 10, 2017. (Id.). Upon completion of his federal sentence, the petitioner will be extradited to the Commonwealth of Virginia based on a detainer that has been filed with the BOP. (Doc. 12-6).

## II.  ISSUES PRESENTED

### A.  The Petition

The petitioner asserts that he was told by Judge Kiser, Senior United District Judge, that he would be serving his state sentence before he started service on his federal sentence. However, because the Judge's order that he serve his federal sentence after completion of his state sentence was not followed, his custody level within the BOP is higher than it would have been because he has a detainer lodged against him by the State of Virginia. Accordingly, the petitioner requests that he be returned to state custody to serve his state sentence as ordered by Judge Kiser or that his sentences be ordered to run concurrently.

**B. The Response**

In response to the petition, the respondent argues that the petitioner's sentence commenced on January 7, 2010, and the sentencing court's language as to the order in which the state and federal sentences would be served is meaningless. In addition, the respondent argues that the petitioner has no right to a particular custody classification.

**C. The Reply**

In reply to the respondent's Motion to Dismiss or, for Summary Judgment, the petitioner argues that there is a dispute over a material fact, and therefore, dismissal is not appropriate. The petitioner argues that the material fact is the plain language of his federal Judgment and Commitment Order which provides that he was to be permitted to serve his state sentence before entering into the custody of the BOP. The petitioner again argues that the illegal action of the BOP in forcing him to serve his federal sentence first has violated his rights under the 5th, 8th, 9th, and 14th Amendments to the Constitution and must be corrected.

### III. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th

Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in <u>Ashcroft v. Iqbal</u>, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. <u>Id</u>.

### B. <u>Summary Judgment</u>

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. <u>Maynard v. Dixon</u> , 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. <u>Miller v. Federal Deposit Ins. Corp.</u>, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." <u>Id</u>. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987).

Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. <u>Anderson</u>, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Industrial Co. V. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 1986)

## IV. <u>ANALYSIS</u>

In computing a federal sentence, two separate decisions must be made: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of a sentence. *E.g.* <u>United States v. Smith</u>, 812 F. Sipp. 368, 370 (E.D.N.Y. 1993). For offenses committed on or after November 1, 1987, as the petitioner's was, commencement of a sentence is governed by 18 U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b).

As previously noted, 18 U.S.C. § 3585 (a), governs the commencement of a federal sentence and provides in pertinent part as follows:

> Commencement of a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Accordingly, the underlying principle of 18 U.S.C. § 3585(a) is that a federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence. <u>Pinaud v. James</u>, 851 F.2d 27 (2nd Cir. 1988); <u>Salley v. United States</u>, 786 F.2d 546 (2d Cir. 1986).

The *earliest* date a federal sentence may commence is the date it is imposed. However, in

cases such as the instant case, where the defendant faces both state and federal charges, a threshold issue in determining the commencement date of a federal sentence is whether the defendant was in primary federal or primary non-federal custody (in this case, Virginia State or local custody) at the time the federal sentence was imposed. If the defendant was in primary federal custody, the federal sentence will commence when it is imposed.

"As a general rule, the first sovereign to arrest an offender has priority of jurisdiction over him for trial, sentencing, and incarceration. Thomas v. Brewer, 923 F.2d 1361, 1365 (9th Cir. 1991); accord, e.g., United States v. Gonzales, N. S-194C.R. 313 (CSH), 1998 WL 981080 (S.D.N.Y. Sept. 30, 1998). This jurisdiction continues until the first sovereign relinquishes its priority by, for example, bail release, dismissal of the state charges, parole release, or expiration of the sentence. United States v. Smith, supra at 371; see also, Ponzi v. Fessenden, (258 U.S. 254, 260 (1922)("The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject matter of the litigation into its control, whether this be a person or property, must be permitted to exhaust its remedy, to attain which it assumed to control, before the other court shall attempt to take it for its purpose.").

When the petitioner was arrested by state authorities on February 3, 2009, the state gained primary jurisdiction over him. However, on May 17, 2009, when the petitioner completed his Virginia state sentence and was released to the United States Marshal Service detainer, state authorities relinquished their primary jurisdiction and federal authorities gained primary jurisdiction over the petitioner. The petitioner was subsequently borrowed by state authorities pursuant to a writ for new state charges. However, the federal authorities did not relinquish their primary jurisdiction over the petitioner when state authorities borrowed him pursuant to a writ of habeas corpus ad

prosequedem. Rather, the federal authorities continued their primary jurisdiction over the petitioner. The petitioner was subsequently returned by state authorities to federal authorities, and primary jurisdiction continued to rest with federal authorities, and did rest with the federal authorities at the time he was sentenced in federal court. Accordingly, the petitioner's federal sentence commenced immediately upon imposition.

The undersigned recognizes that the federal Judgment Order not only indicates that the petitioner's federal sentence is to be served consecutive to the time remaining on his state sentence imposed in case number CR070000988-01, but also indicates that the petitioner would be allowed to complete his state sentence before serving his federal sentence. However, the court's language that the petitioner could serve the remainder of his state sentence before his federal sentence has no effect because federal authorities and not state authorities had primary jurisdiction over the petitioner at the time his federal sentence was imposed. Moreover, "the sovereign with priority of jurisdiction...may elect under the doctrine of comity to relinquish it to another sovereign. [However], [t]his discretionary election is an executive, not a judicial, function." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the alternative; Motion for Summary Judgment (Doc. 12) be **GRANTED**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: August 16, 2010.

 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE